1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                   DISTRICT OF NEVADA

8                                        * * * * *

9    GERALDINE L. LEE,                         )
                                               )
10                          Plaintiff,         )        03:06-CV-0433-LRH-RAM
                                               )
11   vs.                                       )
                                               )
12   NNAMHS, ALEXANDER, CITY AUTO              )        ORDER
     TOW, CITY OF SPARKS POLICE DEPT.,         )
13   COOK, FLOWERS, JACKSON, MOORE,            )
     REYNOLDS and DOES I-X,                    )
14                                             )
                            Defendants.        )
15   _____)

16          Presently before this court is Defendant City of Sparks Police Department's ("Sparks

17   Police Department") motion to dismiss (#23[1]).  Plaintiff Geraldine Lee has filed an opposition

18   and motion to amend (#29), to which the Sparks Police Department has filed a reply and

19   opposition (##32 & 35).  Also before the court is Defendant City Auto Towing's motion to

20   dismiss (#27).  Plaintiff has filed an opposition (#31), to which City Auto Towing has replied

21   (#34).

22                              **FACTS AND PROCEDURAL HISTORY**

23          The present lawsuit arises out of an incident when Plaintiff's automobile was towed from

24   Northern Nevada Adult Mental Health Services ("NNAMHS") at the request of an employee of

25   NNAMHS.  Plaintiff had been a patient at NNAMHS but had been in the midst of a deteriorating

26   relationship with NNAMHS when she parked her car on NNAMHS property and left to attend to

27   family matters.  Plaintiff was gone for several days, during which time an employee of

28
     _____

          [1] References to (#XX) refer to the court's docket.

1   NNAMHS had Plaintiff's car towed from the property.  The car was impounded, and when

2   Plaintiff was unable to pay the impound fees, it was sold at auction.  Plaintiff contends all her

3   belongings were in the car when it was towed and that the car was towed as part of a conspiracy

4   to deprive her of her civil rights and attack her as part of the deteriorating relationship between

5   NNAMHS and Plaintiff.

6           Sparks Police Department and City Auto Towing have both, independently, moved to

7   dismiss the claims against them.  Plaintiff has opposed.

8                           **LEGAL STANDARD FOR MOTION TO DISMISS**

9           In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

10  court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff

11  could find evidence to support the pleadings.  *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668,

12  688 (9th Cir. 2001) (noting that "factual challenges to a plaintiff's complaint have no bearing on

13  the legal sufficiency of the allegations").  Therefore, for the purpose of the motion, the court

14  accepts as true all material allegations in the complaint and construes those allegations in the

15  light most favorable to the non-moving party.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

16  Cir. 1986) (citing *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983)).

17                                          **DISCUSSION**

18          *1.      Sparks Police Department*

19          Sparks Police Department seeks to dismiss the claims against it, arguing that it is not a

20  "person" under 42 U.S.C. § 1983 based on the reasoning of *Vance v. County of Santa Clara*, 928

21  F. Supp. 993 (N.D. Cal. 1996), which held that the term "person" in § 1983 does not encompass

22  municipal departments.  *See id.* at 996.  While *Vance* supports Sparks Police Department's

23  argument, the court finds that *Vance* unjustifiably departed from the rule announced in *Monnell*

24  *v. Department of Social Services of New York*, 436 U.S. 658 (1978), where the United States

25  Supreme Court held that local governments may be liable for damages under § 1983.  *Id.* at 690-

26  91.

27          In *Monnell*, the plaintiffs sued the Department of Social Services of New York City,

28  alleging that the department, as a matter of official policy, had compelled pregnant employees to

                                                    2

1   take unpaid leave before this leave was required for medical purposes. *Id.* at 660-61. The Court

2   held that the suit could go forward. This decision overruled the Court's grant of municipal

3   immunity in *Monroe v. Pape*, 365 U.S. 167 (1961). In *Brandon v. Holt*, 469 U.S. 464 (1985), the

4   Court recognized that the City of New York was not named as a defendant in *Monell*; rather, the

5   suit was against the city's Department of Social Services. *Id.* at 72. The *Brandon* Court also

6   recognized that the Department of Social Services in *Monell* had no greater separate identity

7   from New York City than the director of the department when he was acting in his official

8   capacity. *Id.* Moreover, the *Brandon* Court reiterated that the actions of the director of the

9   department in his official capacity should be equated with the actions of the city itself. *Id.* Thus,

10  it follows from the Court's allowance of the suit in *Monell*, as well as the Court's equation of

11  the Department of Social Services with the director of the department acting in his official

12  capacity, that a plaintiff in a § 1983 suit may name a municipal department as defendant. As

13  such, the practical effect of naming a municipal department as defendant is that the suit will be

14  construed as against the municipality itself. Sparks Police Department's motion to dismiss is

15  therefore denied, and the Plaintiff's suit against the Sparks Police Department will be construed

16  as a suit against the City of Sparks.

17       Sparks Police Department has also moved for dismissal on the basis that because it is not

18  subject to suit, this court lacks personal jurisdiction over it, and service of process should

19  therefore be quashed. This argument has no merit. Even if Sparks Police Department were not

20  subject to suit under § 1983, this court has personal jurisdiction over it because Sparks Police

21  Department is located in Nevada.

22                      *2.    City Auto Towing*

23       City Auto Towing moves for dismissal of Plaintiff's claims on the ground that it is not a

24  state actor under § 1983. Plaintiff claims that City Auto Towing conspired with Jim Moore,

25  facilities supervisor of NNAMHS, to deprive Plaintiff of her Fourteenth Amendment rights by

26  towing Plaintiff's vehicle from NNAMHS after Jim Moore called City Auto Towing to remove

27  Plaintiff's vehicle.

28       The court concludes that this allegation is sufficient to state a claim against City Auto

3

Towing.  A private towing company will be deemed a state actor if it is a "willful participant in a joint activity with the State or its agents . . . and there is a 'sufficiently close nexus between the State and the challenged action of the (towing company) so that the action of the latter may be fairly treated as that of the State itself." *Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1341-42 (9th Cir. 1977) (internal citations omitted).

In two decisions, the Ninth Circuit has found that a private towing company is a state actor under facts similar to those alleged here.  *See Goichman v. Reheyban Motors, Inc.*, 682 F.2d 1320, 1322 (9th Cir. 1982); *Stypmann*, 557 F.2d at 1341-42.  In each case, a private towing company towed a plaintiff's vehicle at the direction of a police officer and pursuant to a statutory scheme designed to accomplish the state's purpose of enforcing its traffic laws.  *Goichman*, 682 F.2d at 1322; *Stypmann*, 557 F.2d at 1341.  While these cases are arguably distinguishable because City Auto Towing allegedly towed plaintiff's vehicle at the direction of a state employee of NNAMHS–not a police officer–the court finds that there is no material difference between an employee of NNAMHS and a law enforcement officer in this case.  That is, the practical effect is the same: plaintiff's car was towed at the direction of a state officer and pursuant to laws enacted to further the state's interest maintaining an efficient traffic flow.  As such, City Auto Towing's motion to dismiss the § 1983 claim is denied.

City Auto Towing has also moved this court to dismiss claims brought under sections 449.037, 449.760, and 449.766 of the *Nevada Revised Statutes* as well as sections 449.3628 and 449.731 of the *Nevada Administrative Code*.  City Auto Towing argues that these statutes and regulations address only licensing, regulation, and inspection of medical and other related facilities.  City Auto Towing's argument is well-taken as to sections 449.037 and 449.776 of *Nevada Revised Statutes* and sections 449.3628 and 449.731 of the *Nevada Administrative Code*.  Section 449.037 of *Nevada Revised Statues* is directed towards the State Board of Health, and section 449.776 defines "aversive intervention."  Moreover, section 449.3628 of the *Nevada Administrative Code* is directed towards hospitals, and section 449.731 applies to resident-care facilities.  However, section 449.760 of the *Nevada Revised Statutes* may apply to City Auto Towing because it applies to all actors, public and private.  Therefore, City Auto Towing's

4

1   motion to dismiss is granted with respect to sections 449.037 and 449.766 of *Nevada Revised*

2   *Statutes* and sections 449.3628 and 449.731 of *Nevada Administrative Code*.  However, City

3   Auto Tow's motion is denied with respect to *Nevada Revised Statutes* section 449.760.

4          City Auto Towing also moves this court to decline supplemental jurisdiction over

5   Plaintiff's state claims on the basis that there is no underlying cognizable federal claim in this

6   case.  However, as discussed above, Plaintiff has stated a cause of action under § 1983, and

7   therefore her state claim under *Nevada Revised Statutes* section 449.760 may proceed, as it does

8   not run afoul of any of the factors set forth in 28 U.S.C. § 1367(c), which allows this court to

9   exercise supplemental jurisdiction over state causes of action..

10              *3.*     *Due Process Claim*

11          In Count One of Plaintiff's complaint she alleges that Jim Moore, the facilities supervisor

12   of NNAMHS, called City Auto Towing to remove Plaintiff's vehicle according to the custom and

13   policy of NNAMHS.  Plaintiff also alleges that NNAMHS and City Auto Towing took the

14   position that there is nothing she could do to appeal or alter this decision.  Plaintiff further claims

15   that NNAMHS and City Auto Towing declared that Plaintiff could only pay a fine or forfeit her

16   car through a lien sale.

17         Liberally construing Plaintiff's complaint,[2] she appears to allege that she was denied due

18   process by being denied notice before her car was towed as well as an opportunity to appeal the

19   decision to tow her vehicle afterwards.  When determining whether a person has been denied due

20   process, courts are to assess claims case-by-case based on all the circumstances.  *See California*

21   *ex rel. Lockeyer v. FERC*, 329 F.3d 700, 711 (9th Cir. 2003).  In making this determination,

22   courts then apply the factors enunciated in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976):

23

24           First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and probable value if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or

25

26

27

28        [2] *King v. Atiyeh*, 814 F.3d 565, 567 (9th Cir. 1987) ("In civil rights cases, where the plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.")

5

1    substitute procedural requirements would entail.

2    *Id.* at 335.

3        Turning first to Plaintiff's claim that she was entitled to notice before her car was

4    towed, the court recognizes that, in regard to the first factor, "[t]he private interest in the

5    uninterrupted use of any automobile is substantial.  A person's ability to make a living

6    and his access to both the necessities and amenities of life may depend upon the

7    availability of an automobile when needed." *Stypmann*, 557 F.2d at 1343-44.  Thus, the

8    private interest affected by official action here is considerable.

9        Concerning the second factor, it is doubtful that providing Plaintiff notice before

10    towing her vehicle would have prevented an erroneous deprivation of the vehicle.  In the

11    case of an abandoned vehicle, state officials can easily observe whether a vehicle has

12    been in the same location over an extended period.  Providing the owner with notice that

13    the vehicle will be towed would not add much reliability to a finding that a vehicle has

14    been abandoned.

15        Third, the government's interest in removing the vehicle promptly is especially

16    strong in this case.  As the Ninth Circuit stated in *Miranda v. City of Cornelius*, 429 F.3d

17    858 (9th Cir. 2005), "Impoundment of a vehicle left in a public place . . . presumably

18    would not require pre-deprivation notice . . . because the burden of such procedures

19    would vitiate the legitimate purposes of the impoundment.  Impoundments in such cases

20    are likely justified by the need to respond immediately to the hazard or public safety

21    threat caused by the location of the vehicles, which would be incompatible with a

22    requirement of notice . . . beforehand.  *Id.* at 867.  Therefore, given the balance of the

23    factors set forth in *Matthews*, the court finds that towing Plaintiff's vehicle without

24    notice did not deny her due process.

25        The court now turns to Plaintiff's claim that she was denied due process when

26    NNAMHS and City Auto Towing took the position that there is nothing she could do to

27    appeal the decision to tow her vehicle and that her only options were to pay a fine or

28    forfeit her property through a lien sale.  From Plaintiff's complaint, she appears to argue

1    she was entitled to a hearing after the tow to determine its validity.

2          In *Goichman v. Rheuan Motors, Inc.*, 682 F.2d 1320 (9th Cir. 1982), the Ninth

3    Circuit found that a plaintiff was not denied due process when he was afforded an

4    opportunity to challenge the validity of his vehicle's tow afterwards. *Id.* at 1324-25.

5    Thus, the issue becomes whether Plaintiff was denied the opportunity to challenge the

6    validity of the tow. Plaintiff has sufficiently alleged she was denied such a hearing,

7    however. Plaintiff alleges only that "NNAMHS and City Tow [sic] . . . took the position

8    [that] there is nothing [she] can do to appeal or alter this decision." (#16 at 6). She

9    further alleges that NNAMHS and City Auto Towing stated the decision was "final and

10   you must pay a fine or forfeit your property through a lien sale." *Id.* The court deems

11   this sufficient to assert a due process claim at this stage of the litigation.

12                    *4.    Equal Protection and First Amendment Claims*

13         Plaintiff has also alleged Equal Protection and First Amendment violations in

14   Counts Two and Three of her complaint, respectively. As the parties have not addressed

15   the substance of these claims, the court will allow these claims to proceed.

16                              *5.    Motion to Amend*

17         Plaintiff has requested leave to amend her complaint pursuant to Federal Rule of

18   Civil Procedure 15(a) because "[c]ertain discovery requires that the complaint be

19   amended and conformed, such as true identities of DOE Defendants BECOME

20   KNOWN." (#29 at 6). To the extent Plaintiff seeks to amend her complaint to add a

21   defendant that was previously unknown, the court notes that Plaintiff has failed to note

22   the specifics of her amendment. Local Rule 15-1(a) requires that "[u]nless otherwise

23   permitted by the court, the moving party shall attach the proposed amended pleading to

24   any motion to amend so that it will be complete in itself without reference to the

25   superseding pleading." As the court is unclear as to how Plaintiff wishes to amend her

26   complaint or as to whom Plaintiff may wish to add as a defendant, Plaintiff's request to

27   amend will be denied without prejudice at this time.

28         IT IS THEREFORE ORDERED that Sparks Police Department's Motion to

                                          7

1    Dismiss (#23) is hereby DENIED.

2              IT IS FURTHER ORDERED that City Auto Towing's Motion to Dismiss

3    Complaint (#27) is GRANTED with respect to sections 449.037 and 449.766 of the

4    *Nevada Revised Statutes* and sections 449.3628 and 449.731 of the *Nevada*

5    *Administrative Code*.  City Auto Towing's motion is DENIED as to the remaining

6    counts of the Complaint and section 449.760 of *Nevada Revised Statutes*.

7              IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (#29)

8    is DENIED.

9              IT IS SO ORDERED.

10             DATED this 28th day of August, 2007.

11

12

13                                                  _____

14                                                  LARRY R. HICKS
                                                    UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28