**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GERALDINE L. LEE, | 3:06-CV-433-LRH (RAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| NNAMHS, ALEXANDER, CITY AUTO TOW, CITY OF SPARKS POLICE DEPT., COOK, FLOWERS, JACKSON, MOORE, REYNOLDS, et al., | |
| Defendants. | |

Plaintiff Geraldine L. Lee ("Lee") has filed a motion for the court to reconsider its decision denying her motions for leave to amend her complaint and to reissue service to Defendant Heather Flowers (Doc. Nos. 96 and 97.[1]) Defendants have opposed the motion (Doc. Nos. 101 and 102) and Plaintiff has replied (Doc. #106).

When the court entered its order on April 24th, 2008, it was under the impression that there had been no reply to Defendants' oppositions. (Doc. Nos. 91 and 95.) Actually, Lee had filed an opposition the day before (Doc. #98), but for clerical reasons this was unavailable to the court at the time it made its decision. On this basis, Plaintiff asks the court the reconsider its decision. However, Lee's submission was five days late, as the court set a deadline of April 18th, 2008 for her to reply to Defendant's opposition. (Doc. #91.) Lee argues that she suffers from physical disabilities that prevented her from making a timely filing. However, she is well aware of the limitations imposed by her disability and made no request for an enlargement of time to file her reply.

---

[1] Refers to the court's docket number.

The issues raised by her late-filed reply do not demonstrate a need for the court to reexamine its decision. Plaintiff argues that her motion to reissue service should be granted because the Attorney General's office misled her into believing that it had accepted service of process for Defendant Flowers on November 29th, 2006. (Doc. #26, Ex. B.) The parties dispute whether the Office provided the process server with a disclaimer form indicating that receipt of the documents did not constitute service of process. The fact remains, however, that Lee has known that Attorney General's office did not represent Defendant Flowers since the filing of Defendants' Answer on December 19th, 2006. (Doc #26.) Her theory that Defendants have engaged in inequitable conduct by representing Defendant Cook but not Defendant Flowers[2] is also unsupported by the evidence, which shows that Cook personally requested representation from the Attorney General's office only after receiving a *separate* service of his Summons. (Doc. #102, Ex. A.) Therefore, the motion was properly denied.

Plaintiff also argues that she should be allowed to amend her complaint to add two new defendants and a claim for abuse of process. This motion was filed nearly ninety days after the applicable deadlines. Lee must therefore show good cause for not having amended her complaint before the time set forth in the Scheduling Order. *Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1274 (9th Cir. 2000). Plaintiff offers no additional evidence in her motion to satisfy this standard. She argues that she did not receive final copies of deposition transcripts until the end of January 2008 which provided information underlying the proposed amendments. However, as noted by the court in its previous order, Lee attended the depositions as early as September 2007. Provisional copies of the deposition were available in November 2007 for the deponents to verify. Even if the court accepts this explanation, Lee does not explain why she waited nearly sixty days after obtaining the transcripts to file her motion to amend.[3] Finally, there remains the fact that granting the motion to amend at this stage of the proceedings would

---

[2] Lee argues that because these defendants were simultaneously served, the AG cannot accept service for Defendant Cook but not Defendant Flowers.

[3] Lee claims that this deposition testimony led to the discovery of additional documents that formed the basis for the amendments, but she does not identify these documents or explain how they led to the amended claims.

prejudice the Defendants by delaying the action and starting the discovery period running anew. "A need to reopen discovery and therefore delay proceedings supports the district court's finding of prejudice from a delayed motion to amend he complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F3d 980, 986 (9th Cir. 1999). Therefore, the original motion was properly denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #99) is **DENIED**.

DATED: March 30, 2009.

_____
UNITED STATES MAGISTRATE JUDGE