1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                    * * * * *

9    GERALDINE L. LEE,                    )
                                          )
10                   Plaintiff,           )        03:06-CV-0433-LRH-RAM
                                          )
11   vs.                                  )
                                          )
12   NNAMHS, ALEXANDER, CITY AUTO         )        ORDER
     TOW, CITY OF SPARKS POLICE DEPT.,    )
13   COOK, FLOWERS, JACKSON, MOORE,       )
     REYNOLDS and DOES I-X,               )
14                                        )
                     Defendants.          )
15   _____ )

16          Before the court is Defendant Sparks Police Department's Motion for Summary

17   Judgment (#119[1]).  Plaintiff Geraldine Lee has filed an opposition (#132) to which Defendant

18   replied (#135).  Defendant City Auto Towing's has joined the motion for summary judgment and

19   the reply (##124, 136).

20   **I.      Facts and Procedural History**

21          This is a civil rights dispute arising out of an incident when Plaintiff's automobile was

22   towed from Northern Nevada Adult Mental Health Services ("NNAMHS").  On June 21, 2006,

23   after the vehicle had been parked in the same spot at NNAMHS for approximately one week, a

24   twenty-four hour tow notice was placed on Plaintiff's vehicle because the vehicle was allegedly

25   taking up two handicap parking spaces, had expired licenses plates, had an expired handicap

26   permit, and appeared to have been abandoned.  On June 26, 2006, Defendant City Auto Tow

27   towed the vehicle.  Defendant Moore, the facility supervisor at NNAMHS, authorized the

28   _____

            [1]Refers to the court's docket entry number.

1  towing.

2        On July 20 or 21, 2006, Defendant Alexander received several voice mail messages on

3  his telephone complaining about the "overall manag[ement of] the operational end of the hospital

4  facility." (Defs.' Mot. Summ. J. (#119), Ex. B at 9:10-11.)  Defendant Alexander believed that

5  the content of the messages was "very harassing." (*Id.*, Ex. B at 12:22-23.)  Defendants Reynolds

6  and Jackson listened to the messages and recognized the voice as Plaintiff's.  After the messages

7  were left on Defendant Alexander's telephone, Defendant Reynolds instructed Defendant Lee,

8  the director of the NNAMHS Drop-In Center, to inform Plaintiff that she could not use the Drop-

9  In Center for a period of time.

10        The Drop-In Center is a facility run by individuals with mental illnesses to support other

11  individuals with mental illnesses in their recovery and to serve as a place where such individuals

12  can feel safe.  The Center has a library, microwave, and refrigerator and serves coffee, tea, and

13  snacks.  The Center also provides computers and telephones.  The Center does not provide

14  medication, and there are no doctors or other clinical professionals available at the Center.

15        On July 25, 2006, Plaintiff came to the Drop-In Center to retrieve her possessions.

16  Defendant Jackson asked her assistant to retrieve the possessions, but Plaintiff refused them.

17  Defendant Jackson then asked Plaintiff to leave, and Plaintiff refused.  Defendant Jackson

18  indicated she would have to call the police, which she did.

19        Sparks Police Officer James Hammerstone responded and escorted Plaintiff from the

20  building.  Plaintiff then stated that she wanted to enter the NNAMHS facility, and Officer

21  Hammerstone told her not to.  Plaintiff proceeded to enter the building screaming.  Plaintiff was

22  told several times to stop screaming and exit the building.  Plaintiff refused.  Officer

23  Hammerstone then handcuffed Plaintiff and placed her under arrest for obstructing a police

24  officer in violation of Sparks Municipal Code section 9.030.020.

25  **II.**     **Legal Standard**

26        Summary judgment is appropriate only when "the pleadings, depositions, answers to

27  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

28  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

1   of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence,

2   together with all inferences that can reasonably be drawn therefrom, must be read in the light

3   most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio*

4   *Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148,

5   1154 (9th Cir. 2001).

6          The moving party bears the burden of informing the court of the basis for its motion,

7   along with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v.*

8   *Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the

9   moving party must make a showing that is "sufficient for the court to hold that no reasonable

10   trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d

11   254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D.

12   Cal. 2001).

13          To successfully rebut a motion for summary judgment, the non-moving party must point

14   to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v.*

15   *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might

16   affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477

17   U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue,

18   summary judgment is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A

19   dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable

20   jury could return a verdict for the nonmoving party."  *Liberty Lobby*, 477 U.S. at 248.  The mere

21   existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to

22   establish a genuine dispute; there must be evidence on which the jury could reasonably find for

23   the plaintiff.  *See id.* at 252.

24   **III.    Discussion**

25          Plaintiff alleges the following claims for relief: (1) due process violations; (2) equal

26   protection violations; and (3) free speech violations.  In addition, in her opposition Plaintiff

27   appears to allege violations of state law and the Americans with Disabilities Act.  Defendants

28   seek summary judgment on each of these claims.  To the extent necessary, the court will address

3

1   each claim below.

2       **A.    Due Process**

3           Plaintiff alleges Defendant violated her due process rights by (1) ratifying the towing of

4   her vehicle and (2) preventing her from accessing the NNAMHS facility.

5           **1.    Towing**

6           As to the towing of Plaintiff's vehicle, the court has already found as a matter of law that

7   "towing Plaintiff's vehicle without notice did not deny her due process." (Order (#63) at 6.).

8   Likewise, Plaintiff's was not denied an opportunity to appeal the towing in violation of the due

9   process clause. Nevada Revised Statutes section 487.039(1) provides, "If a vehicle is towed

10  pursuant to NRS 487.037 or 487.038 and the owner of the vehicle believes that the vehicle is

11  unlawfully towed, the owner of the vehicle may file a civil action . . . to determine whether the

12  towing of the vehicle was lawful." Section 487.039(3) further states, "Upon the filing of a civil

13  action pursuant to subsection 1, the court shall schedule a date for a hearing. The hearing must

14  be held not later than 4 working days after the action is filed."

15          Although Plaintiff's car was towed for a variety of reasons, many of which Plaintiff

16  challenges, it is undisputed that Plaintiff's handicap placard was expired. Thus, the towing of

17  Plaintiff's vehicle complied with Nevada Revised Statute section 487.038. *See* Nev. Rev. Stat. §

18  487.038 (permitting vehicles to be towed if parked in a handicap space without being properly

19  marked).

20          Plaintiff does not allege, and there is no evidence indicating, that Defendant denied

21  Plaintiff the opportunity to appeal the towing pursuant to section 487.039. Because Plaintiff had

22  an opportunity to challenge the validity of the towing of her vehicle, Defendant did not deny

23  Plaintiff due process. *See Goichman v. Rheuan Motors, Inc.*, 682 F.2d 1320 (9th Cir. 1982)

24  (holding that where the plaintiff had an opportunity to appeal his vehicle's towing, the due

25  process clause was not violated).[2]

26  _____

27          [2]Plaintiff does not challenge the provision of section 487.039 providing for a hearing within four
    days of the filing of a civil action. Accordingly, the court need not address whether due process requires
28  a hearing within a period briefer than four days.

4

## 2.    Arrest

Plaintiff also contends Defendant denied her due process when she was arrested for obstructing a police officer in violation of Sparks Municipal Code section 9.030.020. To demonstrate a constitutional violation, Plaintiff must demonstrate (1) a deprivation of life, liberty, and property and (2) "conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

The court has reviewed the evidence and the arguments of the parties and finds, as a matter of law, that Defendant's conduct does not "shock the conscience." Contrary to Plaintiff's assertions, her arrest was not arbitrary. Defendant arrested Plaintiff for refusing to comply with Officer Hammerstone's instructions (1) not to enter the NNAMHS building and (2) once she entered the building, to exit the building.

Officer Hammerstone arrested Plaintiff for violating Sparks Municipal Code section 9.030.020, which provides,

> It is unlawful for any person to obstruct a public officer who is acting lawfully in a government function, with knowledge that the person obstructed is a public officer. A person obstructs a public officer if he or she: . . . (6) [i]ntentionally violates or refuses to obey the lawful order of a public officer in a law enforcement action . . . involving an actual or potential threat to public safety . . . .

It is undisputed that after Officer Hammerstone instructed Plaintiff not to enter the building, Plaintiff entered the building screaming. Once inside the building, Plaintiff refused to leave. Thus, in arresting Plaintiff, Defendant's conduct was not arbitrary. Summary judgment is appropriate with regard to Plaintiff's due process claim.[3]

---

[3]In the opposition, Plaintiff also appears to argue Defendant violated her Fourth Amendment rights by (1) arresting her for failing to follow the officer's instructions and (2) arresting her without probable cause. As to her failure to follow the officer's orders, Plaintiff's reliance on *Carey v. Nev. Gaming Control Bd.*, 279 F.3d 973 (9th Cir. 2002), is misplaced. There, the Ninth Circuit held that Nevada statutes authorizing the plaintiff's arrest for refusing to identify himself are unconstitutional in violation of the Fourth Amendment. This case does not involve Plaintiff's refusal to identify herself, and Plaintiff does not challenge the facial validity of section 9.030.030.

As to Plaintiff's probable clause claim, as discussed above, Officer Hammerstone possessed sufficient facts to justify Plaintiff's arrest pursuant to Sparks Municipal Code section 9.030.020.

**B.     Americans with Disabilities Act**[4]

Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, by arresting her because of her disability. The court has reviewed the evidence and arguments submitted by the parties and finds that Plaintiff has failed to demonstrate issues of fact concerning whether Defendant arrested Plaintiff "by reason of [her] disability."[5] *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (citation omitted). To the contrary, the evidence indicates that Plaintiff was arrested because she refused to comply with Officer Hammerstone's orders in violation of Sparks Municipal Code section 9.030.020. Because no evidence before the court suggests that Plaintiff was arrested because of her disability, summary judgment with regard to the ADA claim is appropriate.

**C.     Remaining Claims**

Plaintiff's complaint further alleges that Defendant "did conspire to prevent access to property and prevent access to property and facility . . . ." (First Am. Compl. (#16), at 4.) As discussed above, Plaintiff has failed to make the showing needed to demonstrate the deprivation of her constitutional rights. Accordingly, her conspiracy claim fails. *See Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989) (citation omitted) (noting that the alleged conspiracy must result in an actual deprivation of a constitutional right).

Finally, Plaintiff does not oppose Defendant's arguments and evidence concerning her First Amendment and state law claims. Accordingly, summary judgment on these claims is appropriate. *See* Local Rule 7-2(d); *Reese*, 208 F.3d 736 (discussing plaintiff's burden in

///

///

///

///

---

[4]Plaintiff appears to combine her equal protection and ADA arguments.

[5]In her opposition, Plaintiff appears to allege Defendant discriminated against her because of her race. It is not appropriate for Plaintiff to assert new allegations outside the scope of the complaint in an opposition to a motion for summary judgment.

6

1    rebutting motion for summary judgment).

2        IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#119)

3    is GRANTED.

4        The Clerk of the court shall enter judgment accordingly.

5        IT IS SO ORDERED.

6        DATED this 21st day of September, 2009.

7

8

9                                              _____
                                               LARRY R. HICKS
10                                             UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          7